**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM DORSEY, | ) | |
| | ) | **Case No. 15 CV 9188** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| OFFICER SUCHOCKI, et. al, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFF'S
CORRECTED AMENDED COMPLAINT FOR FALSE IMPRISONMENT**

Defendants Suchocki, Hapaniewski, Wilson, Cotter (née Halley)[1], Cintron, Goetz, Percy, Montoya, Coffey, Kinney, Rauba, Fenton, Mitchell, Williams, Manojlovic and the City of Chicago (collectively "Defendants"), by and through their attorneys, Elizabeth K. Sichi and Kevin R. Gallardo, respectfully move this Court to dismiss Count IV of Plaintiff's Corrected Amended Complaint for false imprisonment pursuant to Fed. R. Civ. P. 12(b)(6) because it is time-barred. In support thereof, Defendants state as follows:

**FACTUAL ALLEGATIONS**

Plaintiff William Dorsey alleges that on November 1, 2013, Defendant Officers used excessive force against him and falsely arrested him or failed to intervene to prevent other Defendant Officers from using excessive force against him or falsely arresting him. Corrected Amended Complaint (Dkt. No. 11) at ¶¶23-34 and Counts I and III. In addition, Plaintiff brings a state law claim for false imprisonment in Count IV of his Corrected Amended Complaint. See id. at Count IV. Plaintiff filed his original Complaint on October 16, 2015. (Dkt. No. 1).

---

[1] Sergeant Cotter and Halley, Star No. 2163, are the same person.

1

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7thCir. 2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Further, the court need not ignore facts in a complaint that undermine the plaintiff's claims. Le Blang Motors, Ltd., v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998) (citations omitted). For example, when the complaint itself reveals that relief is barred by the applicable statute of limitations, the case is subject to dismissal. Logan v. Wilkins, 644 F.3d 577, 581 (7th Cir. 2011); Andonissamy v. Hewlitt-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008) (dismissal appropriate when complaint shows action is untimely); Hollander v. Brown, 457 F.3d 688, 691, n. 1 (7th Cir. 2006) (plaintiff can plead himself out of court by alleging facts sufficient to establish a statute of limitations defense).

**ARGUMENT**

**COUNT IV OF PLAINTIFF'S CORRECTED AMENDED
COMPLAINT FOR FALSE IMPRISONMENT IS TIME-BARRED**

The Court should dismiss Plaintiff's state law claim for false imprisonment because it is barred by the statute of limitations. Under Illinois law, "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). A "cause of action 'accrues' when facts exist that authorize the bringing of a cause of action." Khan v. Deutsche Bank AG, 2012 IL 112219, ¶20, 978 N.E.2d 1020, 1028

(2012). "[F]or tort actions, the cause of action generally accrues at the time of the injury." State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co., 394 Ill. App. 3d 548, 565 (1st Dist. 2009). In short, a tort claim against a public entity or public employee – e.g., the City of Chicago or a Chicago police officer – must be brought within one year from the date of the injury. Fender v. Town of Cicero, 347 Ill. App. 3d 46, 52 (1st Dist. 2004). Tort claims brought after one year are time-barred and must be dismissed. Id.

Plaintiff's common law claim of false imprisonment accrued on the date of the incident giving rise to the claim. See Pierce v. Pawelski, Case No. 93 C 3337, 2000 WL 1847778, at *2 (N.D. Ill. Dec. 14, 2000) (Gottschall, J.) (false imprisonment claims accrue when the imprisonment began); Thompson v. City of Chicago, Case No. 07 C 1130, 2009 WL 674353, *5 (N.D. Ill. March 12, 2009) (Guzman, J.) (same). Thus, under Illinois law, Plaintiff had one year from the date of his arrest to file his state law claim of false imprisonment. 745 ILCS 10/8-101(a).

Plaintiff was handcuffed and arrested on November 1, 2013. Dkt. 11, Corrected Amended Complaint at ¶¶33-34. Thus, he had until November 1, 2014, to initiate any state law claims arising from that imprisonment. Instead, Plaintiff did not file his Complaint until October 16, 2015 (see Dkt. No. 1) – nearly a full year past the statute of limitations. Accordingly, Count IV of Plaintiff's Corrected Amended Complaint is untimely and should be dismissed with prejudice. See Stubblefield v. City of Chicago, Case No. 14 C 7351, 2015 WL 6445298 at *2 (N.D. Ill. Oct. 21, 2015) (Tharp, J.) (granting motion to dismiss state-law false imprisonment claim filed more than a year after the arrest because it was untimely).

**WHEREFORE**, Defendant City of Chicago respectfully requests that this Court dismiss Count IV of Plaintiff's Corrected Amended Complaint for false imprisonment with prejudice.

Respectfully Submitted,

/s/ Elizabeth K. Sichi
Elizabeth K. Sichi
Assistant Corporation Counsel

Victoria Benson
Senior Corporation Counsel
Kevin R. Gallardo
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-7630